ADDIE FISKE
Senior Counsel
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C. 20044-7611

Attorney for Plaintiff United States of America

ANDREW REESE
Assistant Attorney General of New Jersey
Office of the Attorney General of New Jersey
Hughes Justice Complex
25 Market Street
Trenton, N.J. 08625

Attorney for Plaintiff State of New Jersey

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA and NEW JERSEY,<br><br>Plaintiffs,<br><br>v.<br><br>PASSAIC VALLEY WATER COMMISSION,<br><br>Defendant. | Civil Case No.<br><br><u>COMPLAINT</u> |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of New

Jersey ("New Jersey"), acting at the request of the Administrator of the New Jersey Department of Environmental Protection ("NJDEP"), for their complaint against defendants allege as follows:

## I. NATURE OF THE ACTION

1. This is a civil action pursuant to Section 1414(b) of the Safe Drinking Water Act (the "SDWA" or "Act"), 42 U.S.C. § 300g-3(b), against the Passaic Valley Water Commission ("PVWC") for violations of Section 141.714 of the Long Term 2 Enhanced Surface Water Treatment Rule ("LT2 Rule"), 40 C.F.R. § 141.714, promulgated under Section 1412 of the SDWA, 42 U.S.C. § 300g-1. The violations of the LT2 Rule pertain to PVWC's obligation to cover the Great Notch, Levine, and New Street Reservoirs or to treat water discharged from these reservoirs before human consumption. Each uncovered reservoir is a part of the Defendant's water supply for human consumption, collectively serving over 800,000 people.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 1414(b) of the Act, 42 U.S.C. § 300(g)-3(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1395 as the Defendant resides and can be found in this district.

## III. DEFENDANT

4. The Passaic Valley Water Commission is a public water system owned jointly by the municipalities of Paterson, Passaic, and Clifton, created under Chapter 195 of the Pamphlet Laws of 1923 of New Jersey, N.J.S.A. 40:62-108 to 40:62-150, and is a "person" and a "supplier of water" within the meaning of Section 1401 of the SDWA, 42 U.S.C. § 300f.

## IV. STATUTORY AND REGULATORY BACKGROUND

5. A "public water system" is defined as "a system for the provision to the public of water for human consumption through pipes or other constructed conveyances, if such system has at least fifteen service connections or regularly serves at least twenty-five individuals." 42 U.S.C. § 300f(4); *see also* 40 C.F.R. § 141.2.

6. A "supplier of water" is defined as "any person who owns or operates a public water system." 42 U.S.C. § 300f(5).

7. PVWC, as the owner and/or operator of a public water system, must comply with all national primary drinking water regulations promulgated under Part B of the SDWA, 42 U.S.C. §§ 300g – 300g-6, except to the extent a variance or exemption under Sections 1411, 1415, or 1416 of the Act, 42 U.S.C. §§ 300g, 300g-4, or 300g-5, is applicable.

8. On January 5, 2006, EPA promulgated the LT2 Rule, 40 C.F.R. Part 141, Subpart W, pursuant to 42 U.S.C. § 300g-l(b)(7)(A). The LT2 Rule supplements existing microbial treatment of drinking water and protects public health from illness due to *Cryptosporidium* and other microbial pathogens in drinking water. Among other things, the LT2 Rule addresses the risks of uncovered finished water storage facilities by requiring public water systems to cover such storage facilities or provide specified treatment to the discharge from such storage facilities.

9. The purpose of covering finished water storage reservoirs is to protect the finished water from being recontaminated with microbial contamination, such as viruses, *Giardia lamblia*, and *Cryptosporidium*, from birds, animals, and other sources while the water sits in the reservoirs.

10. The purpose of treating finished water discharged from an uncovered reservoir is to ensure inactivation and/or removal of at least 4-log virus, 3-log *Giardia lamblia*, and 2-log *Cryptosporidium* using a protocol approved by the State.

11. The LT2 Rule was published in the Federal Register. 71 Fed. Reg. 654-786 (January 5, 2006). The requirements of the LT2 Rule, which became effective March 6, 2006, constitute a national primary drinking water standard and an applicable requirement of the SDWA.

12. Section 141.714(c) of the LT2 Rule, 40 C.F.R. § 141.714(c), provides that:

> Systems [i.e., public water systems] must meet the conditions of paragraph (c)(l) or (2) of this section for each uncovered finished water storage facility or be in compliance with a State-approved schedule to meet these conditions no later than April 1, 2009.
>
> i. Systems must cover any uncovered finished water storage facility.
>
> ii. Systems must treat the discharge from the uncovered finished water storage facility to the distribution system to achieve inactivation and/or removal of at least 4-log virus, 3-log *Giardia lamblia*, and 2-log *Cryptosporidium* using a protocol approved by the State.

13. Under the Safe Drinking Water Act and within the meaning of the LT2 Rule, including 40 C.F.R. § 141.714, "State" means the State agency with primary enforcement responsibility for the public water system for the LT2 Rule. 40 C.F.R. § 141.2.

14. NJDEP administers the Public Water Supply Supervision Program for New Jersey, pursuant to Section 1413 of the SDWA, 42 U.S.C. § 300g-2, and obtained primary enforcement responsibility for the LT2 Rule on December 14, 2010. Therefore, NJDEP is the "State" within the meaning of 40 C.F.R. § 141.714.

15. No variance or exemption is applicable to PVWC' s obligation to comply with Section 141.714 of the LT2 Rule.

16. Section 1414(b) of the Act, 42 U.S.C. § 300g-3(b), authorizes the Administrator of the EPA to commence a civil action for injunctive relief and civil penalties for violations of any applicable requirement under the Act and for violations of any order issued pursuant to 42 U.S.C. 300g-3(g), if requested by the State agency with primary enforcement responsibility for the public water system which is not in compliance with such requirement. NJDEP made such request as described below in more detail in Paragraph 27.

17. The term "applicable requirement" includes the national primary drinking water regulations, such as the LT2 Rule, promulgated pursuant to Section 1412 of the Act, 42 U.S.C. § 300g-1. Section 141.714 of the LT2 Rule, 40 C.F.R. § 141.714, is an applicable requirement under the Act as defined in 42 U.S.C. § 300g-3(i).

## V. GENERAL ALLEGATIONS

18. PVWC owns and/or operates a "public water system" within the meaning of the Act and the regulations promulgated under the Act.

19. PVWC utilizes a surface water source and provides piped water for human consumption. The water system serves approximately 800,000 people in seven cities in New Jersey, including Paterson, Clifton, Passaic, Prospect Park, Lodi, North Arlington, a section of Woodland Park, and twenty-two wholesale customers in Passaic, Bergen, Essex, Hudson, and Morris Counties.

20. Raw surface water is treated at the Little Falls Water Treatment Plant and distributed to three uncovered finished water reservoirs: the Great Notch Reservoir, the Levine Reservoir, and the New Street Reservoir.

21. All three reservoirs are downstream of the water treatment plant and receive water subject to all required microbial treatment. Therefore, the content of each Reservoir is

considered finished water. Since each is an open storage facility, the water at each reservoir is subject to recontamination and microbial treatment is not available downstream.

22. The discharge of water for human consumption from the Great Notch, the Levine, and the New Street Reservoirs, is not subject to the required treatment that ensures inactivation and/or removal of at least 4-log virus, 3-log *Giardia lamblia*, and 2-log *Cryptosporidium* using a protocol approved by the State.

23. Uncovered finished water reservoirs are vulnerable to contamination from stormwater runoff. For example, on September 1, 2021, the New Street Reservoir was contaminated with stormwater runoff as a result of flooding caused by Hurricane Ida. A boil water advisory was issued in parts of four cities and affected 230,000 people for forty-three days.

24. PVWC has acknowledged that operating uncovered reservoirs has affected its ability to apply system-wide treatment to control lead levels in the drinking water. PVWC has exceeded the lead action level on several occasions, including in 2016, in part because a common corrosion inhibitor would also increase the risk of microbial growth and organic loading in its uncovered reservoirs.

25. PVWC was unable to meet the LT2 Rule's regulatory deadline to cover or treat its uncovered finished water reservoirs; therefore, in March 2009, PVWC entered into an administrative consent order ("Consent Order") with NJDEP. The Consent Order established a phased approach to compliance, first requiring the submittal of a scope of work for a detailed feasibility study of options to comply with the LT2 Rule. The Consent Order was to be modified with an enforceable compliance schedule for the chosen option. However, the Consent Order does not include a final compliance date for the Great Notch Reservoir, which may impact any final compliance deadlines for the Levine and New Street Reservoirs.

26. On July 26, 2017, PVWC entered into a Memorandum of Understanding to develop an evaluation of a solution to address the Great Notch Reservoir and bring it into compliance with the Act.

27. On July 28, 2021, the Director of Compliance and Enforcement for NJDEP requested that EPA jointly initiate an enforcement action with NJDEP against PVWC to resolve the Defendant's ongoing noncompliance with the LT2 Rule. This request authorizes the Administrator of the EPA to commence this civil action, per Section 1414(b)(2) of the SDWA, 42 U.S.C. § 300g-3(b)(2).

## VI. <u>CLAIM FOR RELIEF</u>

28. Paragraphs 1 through 27. are realleged and incorporated by reference.

29. PVWC has not covered the Great Notch Reservoir, the Levine Reservoir, or the New Street Reservoir in accordance with 40 C.F.R. § 141.714(c)(1) and does not provide treatment of the discharge from these Reservoir's distribution systems to achieve inactivation and/or removal of at least 4-log virus, 3-log *Giardia lamblia*, and 2-log *Cryptosporidium* in accordance with 40 C.F.R. § 141.714(c)(2).

30. There is no final end date to achieve compliance with the 40 C.F.R. § 141.714 under a State-approved schedule for Great Notch Reservoir, which, upon information and belief, may impact the schedules to come into compliance for the inter-related Levine and New Street Reservoirs.

31. Because no State-approved schedule provides a final end date either to install a cover or to install treatment for the Great Notch Reservoir, which may impact the inter-related Levine and New Street Reservoirs, PVWC has violated and continues to violate 40

C.F.R. § 141.714 – an applicable requirement of the Act. These violations constitute violations of national primary drinking water regulations and the SDWA.

32. PVWC will continue to violate 40 C.F.R. § 141.714 and the SDWA unless enjoined. An injunction requiring PVWC to complete construction on its Levine Reservoir project and commence and complete construction on its New Street and Great Notch Reservoir projects which would bring each reservoir into compliance with 40 C.F.R. § 141.714 and the Act is necessary. PVWC is also subject to civil penalties under Section 1414(b) of the SDWA, 42 U.S.C. § 300g-3(b), for its violations of 40 C.F.R. § 141.714 and the SDWA.

## VII. PRAYER FOR RELIEF

WHEREFORE, the United States of America and New Jersey respectfully request that this Court:

(a) Enjoin PVWC from violating 40 C.F.R. § 141.714 and the SDWA.

(b) Order PVWC, pursuant to 42 U.S.C. § 300g-3(b), to commence and complete construction of the covers for the Great Notch, Levine, and New Street Reservoirs or begin treatment of discharge water for human consumption as necessary to bring PVWC into compliance with 40 C.F.R. § 141.714 and the Act.

(c) Order PVWC to implement public notifications and interim public health protection measures during the period before the completion of the covers and/or treatment systems.

(d) Order PVWC to pay a civil penalty to the United States not to exceed the statutory maximum per day for violations provided in Section 1414(b) of the SDWA, 42 U.S.C. § 300g-3(b), as adjusted pursuant to 31 U.S.C. § 3701 *et seq.*, 40 C.F.R. Part 19, 61 Fed. Reg. 69360 (Dec. 31, 1996), 69 Fed. Reg. 7121 (Feb. 12, 2004), 73 Fed. Reg. 75340

(Dec. 11, 2008), 78 Fed. Reg. 66647 (Nov. 6, 2013), 81 Fed. Reg. 43094 (July 1, 2016), 82 Fed. Reg. 3635 (Jan. 12, 2017), and 83 Fed. Reg. 1190 (Jan. 10, 2018).

(e) Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

FOR PLAINTIFF UNITED STATES OF AMERICA:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

/s/ *C. A. Fiske* on August 12, 2026
Catherine Adams Fiske
Senior Counsel
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section
One Courthouse Way, Room 10-314
Boston, MA 02110
(617) 947-9157
addie.fiske@usdoj.gov

United States Attorney
District of New Jersey

Alex Silagi
Assistant United States Attorney
Deputy Chief, Civil Division
alex.silagi@usdoj.gov

OF COUNSEL:
PHYLLIS KAPLAN FEINMARK
Supervisor, Water and General Law Branch
LAUREN FISCHER
Assistant Regional Counsel
Water and General Law Branch
U.S. Environmental Protection Agency, Region 2
290 Broadway
New York, NY 10007

FOR PLAINTIFF THE STATE OF NEW JERSEY:

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

/s/ *Andrew Reese* on August 12, 2026
Andrew Reese
Deputy Attorney General